Angela Pak, CA Bar No. 240177
angela.pak@ogletree.com
Tiffany S. Woods, CA Bar No. 257075
tiffany.woods@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant Clean Harbors Environmental Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KIRK KNOSTMAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Corporation Doing Business in California; SAFETY-CLEAN ENVIROSYSTEMS COMPANY, INC., a California Corporation; SCOTT BROCK, an Individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:21-cv-00980<br><br>**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332, 1441 AND 1446**<br><br>[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declarations of Bradley A. Carl, Tiffany S. Woods; and Notice of Related Cases*]<br><br>Action Filed:   February 5, 2020<br>Trial Date:     None Set<br>Trial Date:     None Set<br>District Judge:   Hon. TBD<br>Magistrate Judge:  Hon. TBD |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

45782051_2.docx

1
Case No. 2:21-cv-00980
DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Clean Harbors Environmental Services, Inc. ("CHESI) petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Kirk Knostman ("Plaintiff"), a citizen of the State of California and CHESI, a citizen of the State of Massachusetts, the only remaining parties following the voluntary dismissal of originally named Defendants Scott Brock ("Brock") and Safety-Kleen Envirosystems Company (Erroneously Sued As Safety-Clean Envirosystems Company, Inc.) ("Envirosystems"); and the amount in controversy exceeds $75,000.

## I. THE STATE COURT ACTION

1. On or about February 5, 2020, Plaintiff filed an action against Defendants entitled "KIRK KNOSTMAN, an individual, Plaintiff v. CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Corporation Doing Business in California, SAFETY-CLEAN ENVIROSYSTEMS COMPANY, INC. a California Corporation, and SCOTT BROCK, an individual, and DOES 1 through 10, inclusive, in Los Angeles County Superior Court, Case Number 20STCV04804.

2. On or about February 13, 2020, Plaintiff served CHESI, with the following documents: Summons, Complaint, Civil Case Cover Sheet. On February 14, 2020, Plaintiff served Envirosystems with the following documents: Summons, Complaint, Civil Case Cover Sheet. True and correct copies of the Summons and Complaint served on CHESI and Envirosystems are attached collectively as **Exhibit "1"** to the Declaration of Tiffany S. Woods ("Woods Decl.") in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 (B) (DIVERSITY).

3. On March 16, 2020, Defendants CHESI and Envirosystems timely filed and served its Answer to Plaintiff's Complaint in Los Angeles County Superior Court. At the time of filing the Answer, Defendant Brock had not been served. A true and correct copy of the CHESI and Envirosystems' Answer is attached as **Exhibit "2"** to the Woods Decl.

4. On March 16, 2020, Defendants CHESI and Envirosystems timely filed a Notice of Removal of this action in the United States District Court for the Central District. At the time of filing the Notice of Removal, Defendant Brock still had not been served.

5. On April 8, 2020, Plaintiff filed a Motion for Remand, which Defendants CHESI and Envirosystems opposed on April 23, 2020. After review of the parties' moving and opposing papers, this matter was remanded back to state court on May 5, 2020 on the grounds that complete diversity did not exist at time of removal. A true and correct copy of the court's Order Granting Plaintiff's Motion for Remand is attached as **Exhibit "3"** to the Woods Decl.

6. On June 10, 2020, Plaintiff voluntarily dismissed Defendant Brock. A true and correct copy of Plaintiff's Request for Dismissal of Defendant Brock is attached as **Exhibit "4"** to the Woods Decl.

7. On November 13, 2020, Defendant Envirosystems filed a Motion for Summary Judgement on the grounds that Plaintiff could not establish the existence of an employee-employer relationship.

8. On January 19, 2021, Plaintiff voluntarily dismissed Defendant Envirosystems, in lieu of filing an opposition to the Motion for Summary Judgment. A true and correct copy of Plaintiff's Request for Dismissal of Defendant Envirosystems is attached as **Exhibit "5"** to the Woods Decl.

9. On January 21, 2021, as result of Plaintiff's dismissal of Defendant Envirosystems, Defendant Envirosystems filed a Notice of Non-Opposition to the Motion for Summary Judgment. On January 26, 2021 the trial court granted Defendant

Envirosystems' Motion for Summary Judgment. A true and correct copy of Defendant Envirosystems Notice of Ruling on the Motion for Summary Judgment is attached as **Exhibit "6"** to the Woods Decl.

## II. REMOVAL IS TIMELY

10. To escape the prohibition against multiple removals on the same grounds, a defendant must rely on *new information* that was not available at the time of the first removal. The new information may come when diversity of citizenship is lacking at the time the state action was filed, but within one year the plaintiff *voluntarily dismisses* or amends the complaint to *abandon* the action against the nondiverse defendant, the remaining diverse defendants are entitled to remove. (*Knudson v. Systems Painters, Inc.* (8th Cir. 2011) 634 F3d 968, 975—"if the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case") When a nondiverse defendant who otherwise defeats diversity is voluntarily dismissed or abandoned within the one-year period, the remaining defendant has thirty (30) days from the dismissal or abandonment to remove the matter. (28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F3d 689, 696-697—if original complaint jurisdictionally uncertain or nonremovable, defendant can remove within 30 days from when diversity ascertainable.)

11. Pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely being filed within thirty (30) days from the date CHESI ascertained diversity was complete in this matter.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

12. This timely Notice is based on complete diversity of the remaining parties. Plaintiff is a citizen of the State of California and Defendant CHESI is a citizen of the State of Massachusetts.

### A. Plaintiff Is A Citizen Of The State Of California

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.,* (9th Cir. 1983) 704 F.2d 1088,

1090). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.,* (9th Cir. 2001) 265 F.3d 853, 857.)

14. At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still in, a resident and citizen of the State of California. Plaintiff sets forth at all times relevant in this complaint, he "was a resident of the County of Los Angeles, and a citizen of the State of California" (Complaint ¶1.)

### B. Defendant CHESI Is A Citizen Of The State of Massachusetts

15. CHESI was, at the time the Complaint was filed, and still is, incorporated in the State of Massachusetts. (Declaration of Bradley A. Carl in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 (B) (DIVERSITY) ¶ 2 ("Carl Decl. ¶¶ 3-4").

16. The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. In *Hertz Corporation v. Friend, et al.,* (2010) 130 S.Ct. 1181, the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases. The Court held that the "'principal place of business' [as contained in section 1332(c)1 is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Ibid.*) The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters provided that the headquarters is the actual center of direction, control and coordination." (*Ibid.*) CHESI's principal place of business is in the State of Massachusetts. (Carl Decl. ¶¶3-4.) CHESI's executive and administrative operations are currently managed from its Massachusetts location. From its headquarters in Massachusetts, CHESI makes and implements company-wide operating, financial and accounting, employee relations and other policy decisions. (*Ibid.*) CHESI's annual Shareholders' meetings take place

45782051_2.docx

in the State of Massachusetts. (*Ibid.*) In addition, CHESI's executive officers, including its Chief Executive Officer, Chief Financial Officer, Secretary, General Counsel and certain other executive leaders maintain their offices at CHESI headquarters in Massachusetts. (*Ibid.*) CHESI does not maintain a principle place of business in the State of California. Under the "nerve center" test, CHESI is a citizen of the State of Massachusetts.

17. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).) Accordingly, CHESI is, and was at the time of filing of the Complaint, a citizen of the State of Massachusetts, not California.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS

18. The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. 1446 (c)(2)(A)-(B).

19. The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. (*Gaus v. Miles, Inc.,* (9th Cir. 1992) 980 F.2d 564, 566.) In determining whether the jurisdictional minimum is met, the Court considers *all* recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. (*Hunt v. Washington State Apple Advertising Comm 'n,* (1977) 432 U.S. 333, 347-48; Galt *G/S v. JSS Scandinavia,* (9th Cir. 1998) 142 F.3d 1150, 1155-56; *Anthony v. Security Pac. Fin. Services, Inc.,* (7th Cir. 1996) 75 F.3d 311, 315.)

20. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00. (*Sanchez v. Monumental Life Ins. Co.,* (9th Cir. 1996)102 F.3d 398, 404; *Luckett v. Delta Airlines, Inc.,* (5th Cir. 1999)171 F.3d 295.) In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and

45782051_2.docx

attorneys' fees. (*Hunt v. Washington, supra* 432 U.S. at 347-48; *Galt G/S v. JSS Scandinavia, supra* 142 F.3d at 1155-56; *Anthony v. Security Pac, Fin 'l Services, Inc., supra* 75 F.3d at 315.)

21. The amount in controversy exceeds the sum of Seventy-Five thousand dollars ($75,000.00), exclusive of interest and costs. Defendants meet their burden, without admitting that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories, based on the following:

### A. Lost Earnings

22. According to Plaintiff's Complaint, Plaintiff has suffered severe economic harm, physical ailments including but not limited to stress, loss of sleep, headaches and panic attacks, anxiety and other physical ailments. (Compl. ¶ 18.) In addition to lost wages, earnings, commissions, retirement benefits, and other employee benefits. (Compl. ¶¶ 18, 22, 34, 40, 46, 53, 62, 70, and of Plaintiff's prayer ¶ 1.) For this, Plaintiff seeks an amount of no less than $2,500,000. (Compl. prayer) The Court may consider lost earnings in determining the amount in controversy. *(Kroske v. US Bank Corp.*, (9th Cir. 2005) 432 F.3d 976, 980  (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000.)

23. Plaintiff alleges his employment was terminated on June 26, 2019. (Compl ¶ 17.) According to Safety Kleen Systems Inc.'s records, at the time of Plaintiff's termination, he was earning $98,000.00 per year. (Carl Decl. ¶ 6.) Accordingly, Plaintiff earned approximately $8,160.00 per month.

24. Based on Plaintiff's monthly earnings of approximately $8,160.00 per month, Plaintiff's lost earnings since his termination on June 26, 2019 currently total $163,000.00. ($8,160 x 20 months). Therefore, by the time of trial, assuming it is twelve months after removal, Plaintiff's lost earnings will be $261,120.00 ($8,160.00 x 32 months).

///

### B. Emotional Distress

25. According to Plaintiff's Complaint, Plaintiff seeks to recover for "physical ailments including but not limited to stress, loss of sleep, headaches and panic attacks, anxiety and other physical ailments. (Compl. ¶¶ 18,22, 34, 40, 46, 53, 62, 70, and of Plaintiff's prayer ¶ 1.) Emotional distress damages are properly considered in calculating the amount in controversy. (*Simmons v. PCR Tech.*, (N.D. Cal. 2002)209 F. Supp. 2d 1029, 1031-35.

26. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. (*Juarez v. Autozone Stores, Inc.*, (S.D. Cal. Nov. 17, 2014) 2014 WL 7017660 (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated in a discrimination case); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action). Plaintiff's allegations that she was discriminated and retaliated against, and wrongfully terminated against because of her disability is similar to the issues in the aforementioned cases and should therefore be considered in the amount in controversy.

### C. Punitive Damages

27. Additionally, Plaintiff has pled for the recovery of punitive damages. (Compl. ¶¶ 24, 30, 36, 42, 48, 55, 64, 72 and of Plaintiff's prayer ¶ 5.) The potential for a punitive damages award against Defendants satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.,* (9th Cir. 1994)13 F.3D 1357.) "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."

*Bell vs. Preferred Life Assurance Society,* (1943) 320 U.S. 238, 240; *see also Davenport v. Mutual Ben. Health & Acc. Ass'n,* (9th Cir. 1963) 325 F.2d 785 (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.,* (9th Cir. 2001) 261 F.3d 927, 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

### D. Attorney's Fees

28. Finally, Plaintiff also seeks attorneys' fees. (Compl. ¶¶ 30, 38, 46, 51, 56, and Prayer ¶¶ 23, 29, 35, 41, 47, 54, 63, 69, 71 and of Plaintiff's prayer ¶ 6.) Attorneys' fee claims are also properly considered in determining the amount in controversy. *Kroske v. US, Bank Corp.,* (9th Cir. 2005) 432 F.3d 976, 980; *Gait G/S v. JSS Scandinavia,* (9th Cir. 1998)142 F.3d 1150, 1155-56. For a prevailing party under the California Labor Code ("Labor Code"), attorneys' fees are recoverable by statute. Cal. Labor Code Section 218.5. Accordingly, they can be considered when determining the amount in controversy. (*Galt G/S v. JSS Scandinavia*, (9th Cir. 1998)142 F.3d 1150, 1156 ["where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"]; *Brady v. Mercedes-Benz USA, Inc.*, (N.D. Cal. 2002) 243 F. Supp. 2d 1004, 1010-1011 ["Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred through resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."])

29. In employment cases, fee awards for prevailing plaintiffs tend to be high. This amount alone can sometimes eclipse the $75,000.00 amount in controversy requirement for diversity jurisdiction, although here, combined with Plaintiff's claim for unpaid wages, the amount in controversy exceeds the $75,000.00 threshold. Adding the potential damages for attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.00. (*See, e.g., White v. FCI USA, Inc.,* (5th Cir. 2003) 319 F.3d 672, 674 (a wrongful

termination claim combined with a claim for attorney fees was sufficient to exceed the $75,000.00 minimum required to establish diversity jurisdiction).

## V. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

30. Venue is proper with the Central District of California, Western Division, in that this action is presently pending in the Superior Court of the State of California, County of Los Angeles, which is within the venue of the United States District Court for the Central District of California.

31. As required by 28 U.S.C. § 1446, copies of "all process, pleadings, and orders served upon such defendant" regarding the state court action are attached to this Notice of Removal as Exhibits "1" to "5" to the Woods Decl, filed concurrently herewith.

32. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Defendant CHESI ascertained diversity was complete in this matter.

33. As required by 28 U.S.C. §1446(d), Defendant will provide notice of this removal to Plaintiff through its attorney of record.

34. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Orange.

## VI. CONCLUSION

35. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action. In the event this Court has a question regarding the propriety of this Notice of

/ / /

/ / /

/ / /

Removal, Defendant requests that court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis of this removal.

DATED:  February 2, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /S/ Tiffany S. Woods
    Angela Pak
    Tiffany S. Woods

Attorneys for Defendant Clean Harbors Environmental Services, Inc.

45782051_2.docx

DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION

**PROOF OF SERVICE**
*Kirk Knostman v. Clean Harbors Environmental Services, Inc., et al.*
Case No. 2:21-cv-00980

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On February 2, 2021, I served the following document(s):

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332, 1441 AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition, or reply only] Code of Civil

45782051_2.docx

DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION

Procedure section 1005(b):

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 2, 2021, at Costa Mesa, California.

*/s/ Lisa Sles*

Lisa Sles

# SERVICE LIST

| | |
|---|---|
| Ruben Guerra, Esq.<br>Tizoc Perez-Casillas, Esq.<br>**GUERRA & CASILLAS, LLP**<br>617 South Olive Street, Suite 1206<br>Los Angeles, CA 90014<br>Telephone:  213-437-9495<br>Facsimile:   213-342-5503<br>ruben@guerracasillas.com<br>tizoc@guerracasillas.com | Attorneys for Plaintiff<br>Kirk Knostman |

45782051.2