**CT Corporation**

**Service of Process Transmittal**
02/13/2020
CT Log Number 537191695

TO: Michael McDonald
Clean Harbors, Inc.
42 Longwater Dr
Norwell, MA 02061-1612

RE: **Process Served in California**

FOR: Clean Harbors Environmental Services, Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KIRK KNOSTMAN, ETC., PLTF. vs. CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice(s), Order(s), Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 20STCV04804 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On 06/26/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/13/2020 at 15:18 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons ad legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Ruben Guerra<br>GUERRA & CASILLAS, LLP<br>617 South Olive Street, Suite 1206<br>Los Angeles, CA 90014<br>213-437-9495 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/14/2020, Expected Purge Date: 02/19/2020 |
| | Image SOP |
| | Email Notification,  Michael McDonald  mcdonaldm@cleanharbors.com |
| | Email Notification,  Brad Carl  carl.brad@cleanharbors.com |
| | Email Notification,  Monica Murphy-Rodgers  MURPHYMO@CLEANHARBORS.COM |
| | Email Notification,  Ilinca Butnariu  butnariu.ilinca@cleanharbors.com |
| | Email Notification,  KATRINA SCARSCIOTTI  scarsciotti.katrina@cleanharbors.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
02/13/2020
CT Log Number 537191695

**TO:** Michael McDonald
Clean Harbors, Inc.
42 Longwater Dr
Norwell, MA 02061-1612

**RE:** **Process Served in California**

**FOR:** Clean Harbors Environmental Services, Inc.  (Domestic State: MA)

MajorAccountTeam1@wolterskluwer.com

Page 2 of  2 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 02/05/2020 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV04804

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Corporation Doing Business in California; SAFETY-CLEAN ENVIROSYSTEMS COMPANY, INC., a California Corporation; SCOTT BROCK, an Individual; and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIRK KNOSTMAN, an Individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* 20STCV04804

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Guerra & Casillas LLP | 617 S Olive St, Ste 1206 Los Angeles, CA 90014 | 213-437-9495

DATE: 02/06/2020          Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                  Clerk, by      Nancy Alvarez          , Deputy
                           *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Corporation Doing Business in California

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 2:21-cv-00980-CAS-AS Document 1-1 Filed 02/02/21 Page 4 of 53 Page ID #:18

Electronically FILED by Superior Court of California, County of Los Angeles on 02/05/2020 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV04804

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

Ruben Guerra (SBN 291446)
Tizoc Perez-Casillas (SBN 309981)
**GUERRA & CASILLAS, LLP**
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Telephone: 213.437.9495
Facsimile: 213.342.5503
ruben@guerracasillas.com
tizoc@guerracasillas.com

Attorneys for Plaintiff Kirk Knostman

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISCTRICT

| | |
|---|---|
| KIRK KNOSTMAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Corporation Doing Business in California; SAFETY-CLEAN ENVIROSYSTEMS COMPANY, INC., a California Corporation; SCOTT BROCK, an Individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 20STCV04804<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES ALLEGING:<br><br>1. DISCRIMINAITON BASED ON AGE;<br>2. DISABILITY DISCRIMINATION;<br>3. HARASSMENT;<br>4. RETALIATION;<br>5. FAILURE TO PARTICIPATE IN THE INTERACTIVE PROCESS;<br>6. FAILURE TO PROVIDE REASONABLE ACCOMMODATION;<br>7. FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION;<br>8. VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT;<br>9. WRONGFULTERMINATION IN VIOLATION OF PUBLIC POLICY |

Plaintiff, Kirk Knostman, based upon personal knowledge as to all acts or events that Plaintiff has undertaken or witnessed and upon information and belief as to all others complains

COMPLAINT FOR DAMAGES

and alleges as follows:

**PARTIES**

1.      Plaintiff, KIRK KNOSTMAN, ("Plaintiff"), is, and at all times herein was an individual residing in the County of Los Angeles, State of California.

2.      Defendant CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., is, and at all times herein mentioned was a Corporation doing business in California located in the city of Los Angeles, in the County of Los Angeles, State of California. Defendant is and at all relevant times was a company doing business in California with its place of business at 5756 Alba Street, Los Angeles, California 90058, and subject to the laws of *California Government Code* §§12940 et seq. and 12900 et. seq. Defendant is and at all relevant times was a covered employer pursuant to *California Government Code* § 12926(d).

3.      Defendant SAFETY CLEAN ENVIROSYSTEMS COMPANY, INC., is, and at all times herein mentioned was a California Corporation doing business in California located in the city of Los Angeles, in the County of Los Angeles, State of California. Defendant is and at all relevant times was a company doing business in California with its place of business at 5756 Alba Street, Los Angeles, California 90058, and subject to the laws of *California Government Code* §§12940 et seq. and 12900 et. seq. Defendant is and at all relevant times was a covered employer pursuant to *California Government Code* § 12926(d).

4.      Defendant, SCOTT BROCK, is, and at all relevant times was a resident of California and was employed by Defendants, at its work locations in the County of Los Angeles, California. Scott Brock at all relevant times held the position of Supervisor and at all relevant times maintained the position of Supervisor and had supervisory authority over Plaintiff.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and alleges that each of the fictitiously named Defendants is responsible for the alleged occurrences and injuries to Plaintiff.

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495 • FAX 213.342.5503

6.    Plaintiff is informed, believes and alleges that at all times herein mentioned Defendants were the affiliates, agents, employees and the successor of the other Defendants and in doing the things hereinafter alleged were acting within the course and scope of such agency and/or employment or other business relationships and with the permission and consent of his/her co-Defendants.

### VENUE AND JURISDICTION

7.    Venue is proper in this Court under *Code of Civil Procedure* §395, because Plaintiff's injuries were incurred within this jurisdiction. The actions giving rise to Plaintiff's complaint arose within this Court's jurisdiction.

### EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

8.    Plaintiff exhausted administrative remedies by filing complaints of discrimination, harassment and retaliation with the California Department of Fair Employment and Housing on September 4, 2019, and thereafter receiving "right to sue" notifications attached hereto as Exhibit 1. Plaintiff has duly exhausted all of the required administrative proceedings and now properly files this Complaint for Damages against Defendants in this Court.

### FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiff was first employed by defendants Safety-Clean Envirosystems Company, Inc., in 1986 as a warehouse employee. Plaintiff was a loyal dedicated employee who received many promotions due to his hard work and dedication. At the time of the termination of his employment Plaintiff was a distribution manager of the Ontario branch. As a distribution manager he supervised approximately forty employees.

10.    On or about 2013, defendant Clean Harbors Services, Inc., acquired defendant Safety-Kleen Systems, Inc. Thereafter, Clean Harbors and Safety-Kleen became Plaintiff's dual employer and remained Plaintiff duel employers throughout Plaintiff's employment with them until the time of the termination of his employment.

11.    Plaintiff is a fifty-three (53) year old employee who was a loyal and dedicated employee of Defendants for over 33 years. After Plaintiff was terminated from his employment,

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495 • FAX 213.342.5503

3
COMPLAINT FOR DAMAGES

1  Edona Pablo, who substantially younger than Plaintiff, replaced Plaintiff.  Edona applied for the

2  position in September 2018.  After Plaintiff learned that his position was posted and that Pablo had

3  applied for his position, his stress level became unbearable, however, Plaintiff continued to work

4  and two months later Plaintiff had a severe stroke.

5       12.    On or about January 16, 2018, Plaintiff was diagnosed with high blood pressure

6  and acute stress, and Plaintiff was hospitalized for five days.  When plaintiff returned form his

7  medical leave Plaintiff was subjected to a viscous campaign of harassment and retaliation by his

8  supervisor, Scott Brock. On or about January 2018, as a result the termination of Plaintiff's

9  assistant supervisor and Plaintiff's immediate supervisor,  and the increase in Plaintiff's duties and

10  responsibilities in the short amount of time, Plaintiff fainted due to stress and high blood pressure

11  and he was taken by ambulance to the hospital where he remained hospitalized for five days.   The

12  harassment and retaliation included but was not limited to:

13      •  Brock took away his assistant manager, Louie Lopez

14      •  After Louie Lopez was taken away from him, Borck ordered him to do all of Lopez's

15         duties.

16      •  Brock terminated Plaintiff's supervisor, Joe Prissel.

17      •  After Prissel was terminated Brock ordered Plaintiff to do his duties.

18      •  Brock gave Plaintiff more responsibilities and more locations to supervise.

19       13.    Brock subjected Plaintiff to a vicious campaign of harassment and retaliation

20  because Plaintiff had to take time off from work due to his disability by trying to force Plaintiff to

21  quit his job by giving him an amount of duties and responsibilities that were impossible to

22  complete.  Forcing Plaintiff to cancel a family vacation to Missouri to visit his daughter.

23  Micromanaging Plaintiff with the objective to find any excuse to harass Plaintiff.  All of the

24  aforementioned were done in a effort to constructively terminate Plaintiff's employment.

25       14.    Brock would blame Plaintiff for problems with new locations although Plaintiff had

26  nothing to do with creating the problems.  This was done in an effort to harass and retaliate against

27  Plaintiff in an effort to force Plaintiff to quit his job.

28

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

15.     The Ontario location primarily provided services for Safety-Kleen Systems and all of the additionally locations that were given to Plaintiff during the last six months of his employment were providing services for defendants Safety-Kleen Systems, Inc.  Plaintiff's primary duties were done pursuant to goods and services provided by Safety-Kleen Systems, Inc., to its customers.  Although Clean Harbors Environmental Services and Safety-Kleen Systems, Inc., were dual employers of Defendant, Plaintiff's primary duties and responsibilities were for Safety-Kleen Systems, Inc.

16.     On or about November 18, 2018, Plaintiff had a stroke and was taken by ambulance to the hospital.  As a result of his medical condition Plaintiff was ordered to take time off from work to care for and recover from his medical condition.

17.     On or about June 26, 2019, while Plaintiff was out on medical leave pursuant to his doctor's orders, Brock sent Plaintiff a letter informing Plaintiff that his job was terminated.

18.     The consequences of Defendant's discrimination and harassment caused Plaintiff to suffer severe economic harm and physical ailments including but not limited to stress, loss of sleep, headaches and panic attacks, anxiety and other physical ailments.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON DISABILITY**
**IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 ET SEQ.**
(As Against All Defendant, Except Scott Brock)

19.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

20.     *California Government Code* § 12940(a) provides in pertinent part that, "It shall be an unlawful employment practice . . . [f]or an employer, because of . . . physical disability... medical condition... to discharge the person from employment . . . or to discriminate against the person . . . in terms, conditions, or privileges of employment."

21.     As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

1   compensatory damages in an amount to be ascertained at the time of trial.

2        22.    As a further proximate result of the aforementioned acts of Defendants, and each of

3   them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

4   has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the

5   time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has

6   suffered physical and mental injuries and has necessarily expended sums in the treatment of such

7   injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further

8   proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

9   expend sums in the future for the treatment of the physical, emotional and mental injuries

10  sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

11  of trial.

12       23.    As a direct and proximate result of the above-described acts of Defendants,

13  Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

14  in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

15  such attorney's fees.

16       24.    The above-described acts of Defendants were willful, intentional, and malicious

17  and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

18  of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an

19  amount sufficient to punish said Defendants and to deter others from engaging in similar

20  despicable conduct.

21

22  **SECOND CAUSE OF ACTION**<br>**HARASSMENT**

23  **IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 ET SEQ.**<br>(As Against All Defendants)

24       25.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each

25  and every part thereof, of this Complaint, with the same force and effect as though set forth at

26  length herein.

27       26.    Section 12940(j) of the *California Government Code* makes it an unlawful

28

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

employment practice "[f]or an employer …to harass an employee" in the workplace," because the

employee exercised *Department of Fair Employment and Housing Act* rights.  Further, section

12940(h) of the *California Government Code* makes it unlawful employment practice "[f]or any

employer … to discharge, expel, or otherwise discriminate against any person because the person

has opposed any practices forbidden under this part [FEHA] or because the person has filed a

complaint, testified, or assisted in any proceeding under this part." Plaintiff was harassed by

Defendants because of his medical problems, his disability, and his request for reasonable

accommodations, and because he exercised and attempted to exercise his FEHA rights.

27.     As a proximate result of the acts of Defendants, and each of them, as described

above, Plaintiff suffered economic damages, including lost wages and benefits, and other

compensatory damages in an amount to be ascertained at the time of trial.

28.     As a further proximate result of the aforementioned acts of Defendants, and each

of them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the

time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has

suffered physical and mental injuries and has necessarily expended sums in the treatment of such

injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further

proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

expend sums in the future for the treatment of the physical, emotional and mental injuries

sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

of trial.

29.     As a direct and proximate result of the above-described acts of Defendants,

Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

such attorney's fees.

30.     The above-described acts of Defendants were willful, intentional, and malicious

and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

GUERRA & CASILLAS, LLP
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Tel 213.437.9495 • Fax 213.342.5503

7

of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

### THIRD CAUSE OF ACTION
### RETALIATION FOR CONDUCT THAT IS PROTECTED BY THE FAIR EMPLOYMENT AND HOUSING ACT
### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 ET SEQ.
(As Against All Defendants, Except Scott Brock)

31.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

32.    The retaliatory actions of Defendants against Plaintiff, as more fully set forth above, including retaliation against Plaintiff because Plaintiff exercised his rights to take time off from work to care for and recover from his disability pursuant to the Fair Employment and Housing Act ("FEHA"). Plaintiff was retaliated and harassed in violation of the FEHA, codified in *California Government Code* §12940(h), because he had a disability and because he was in need of reasonable accommodations, including time off from work to care for and recover from his disability, and after he complained of discrimination and harassment.

33.    As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

34.    As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the treatment of such injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

1  expend sums in the future for the treatment of the physical, emotional and mental injuries

2  sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

3  of trial.

4      35.    As a direct and proximate result of the above-described acts of Defendants,

5  Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

6  in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

7  such attorney's fees.

8      36.    The above-described acts of Defendants were willful, intentional, and malicious

9  and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

10  of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an

11  amount sufficient to punish said Defendants and to deter others from engaging in similar

12  despicable conduct.

13

**FOURTH CAUSE OF ACTION**
14  **FAILURE TO PARTICIPATE IN THE INTERACTIVE**
**PROCESS IN DETERMINING REASONABLE ACCOMMODATION**
15  **IN VIOLATION OF GOVERNMENT CODE §§ 12926.1(e), 12940(n)**
(As Against All Defendants, Except Scott Brock)
16

17      37.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each

18  and every part thereof, of this Complaint, with the same force and effect as though set forth at

19  length herein.

20      38.    It is unlawful for an employer covered by *California Government Code* §12940, et

21  seq., to fail to engage in a timely, good faith, interactive process with a disabled employee to

22  determine effective reasonable accommodations, in response to a request for reasonable

23  accommodations by an employee with a known physical or mental disability or a known medical

24  condition. *California Government Code* § 12940(n). The failure of Defendants to participate in a

25  meaningful interactive process in an effort to reasonably accommodate Plaintiff's disability was

26  due to discrimination and retaliation against Plaintiff. Instead of reasonably accommodating

27  Plaintiff, Defendants used Plaintiff's request for reasonable accommodations to terminate Plaintiff

28

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

9

1  from Plaintiff's employment. Defendants' acts, as more fully described above, constitute a failure

2  by Defendants to provide to Plaintiff a good faith interactive process in violation of the FEHA,

3  codified in *California Government Code* §12926.1(e), 12940(n).

4       39.    As a proximate result of the acts of Defendants, and each of them, as described

5  above, Plaintiff suffered economic damages, including lost wages and benefits, and other

6  compensatory damages in an amount to be ascertained at the time of trial.

7       40.    As a further proximate result of the aforementioned acts of Defendants, and each of

8  them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

9  has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the

10  time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has

11  suffered physical and mental injuries and has necessarily expended sums in the treatment of such

12  injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further

13  proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

14  expend sums in the future for the treatment of the physical, emotional and mental injuries

15  sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

16  of trial.

17       41.    As a direct and proximate result of the above-described acts of Defendants,

18  Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

19  in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

20  such attorney's fees.

21       42.    The above-described acts of Defendants were willful, intentional, and malicious

22  and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

23  of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an

24  amount sufficient to punish said Defendants and to deter others from engaging in similar

25  despicable conduct.

26  
27  
28  

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
**IN VIOLATION OF GOVERNMENT CODE § 12940(m)**

**GUERRA & CASILLAS, LLP**
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

(As Against All Defendants, Except Scott Brock)

43.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

44.     The failure of Defendants to reasonably accommodate Plaintiff's disability was due to discrimination against Plaintiff.  Defendants used Plaintiff's request for reasonable accommodations to terminate Plaintiff from Plaintiff's employment because they did not want to reasonably accommodate Plaintiff and instead decided to terminate Plaintiff so they would not have to accommodate Plaintiff's medical needs.  Defendants' acts, as more fully described above, in their failure to reasonably accommodate Plaintiff's serious medical condition, constitute unlawful failure to provide reasonable accommodations in violation of FEHA, codified in *California Government Code* § 12940(m).

45.     As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

46.     As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the treatment of such injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

47.     As a direct and proximate result of the above-described acts of Defendants, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

1  such attorney's fees.

2      48.    The above-described acts of Defendants were willful, intentional, and malicious

3  and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

4  of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an

5  amount sufficient to punish said Defendants and to deter others from engaging in similar

6  despicable conduct.

7

8
                              **SIXTH CAUSE OF ACTION**
                    **FAILURE TO TAKE ALL REASONABLE STEPS TO**
9                    **PREVENT DISCRIMINATION IN VIOLATION OF**
                      **CALIFORNIA GOVERNMENT CODE § 12940(k)**
10                     (As Against All Defendants, Except Scott Brock)

11      49.    Plaintiff hereby incorporates by this reference as if fully set forth herein, each and

12  every allegation set forth in each and every averment of Paragraphs set forth above in this

13  Complaint.

14      50.    *California Government Code* Section 12940(k) makes it an illegal practice for an

15  employer "to fail to take all reasonable steps necessary to prevent discrimination retaliation and

16  harassment from occurring."

17      51.    The failure of Defendants to take all reasonable steps necessary to prevent

18  discrimination, harassment and retaliation against Plaintiff, and terminating Plaintiff from his

19  employment for false and pretextual reasons, and terminating Plaintiff because of his disability,

20  constitute a failure on the part of Defendants to take all steps necessary to prevent discrimination,

21  harassment and retaliation in the workplace, in violation of the *California Fair Employment and*

22  *Housing Act* (FEHA), codified in *California Government Code* Section 12940(k).

23      52.    As a proximate result of the acts of Defendants, and each of them, as described

24  above, Plaintiff suffered economic damages, including lost wages and benefits, and other

25  compensatory damages in an amount to be ascertained at the time of trial.

26      53.    As a further proximate result of the aforementioned acts of Defendants, and each of

27  them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

28

COMPLAINT FOR DAMAGES

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495 • FAX 213.342.5503

1 has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the

2 time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has

3 suffered physical and mental injuries and has necessarily expended sums in the treatment of such

4 injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further

5 proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

6 expend sums in the future for the treatment of the physical, emotional and mental injuries

7 sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

8 of trial.

9      54.    As a direct and proximate result of the above-described acts of Defendants,

10 Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

11 in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

12 such attorney's fees.

13      55.    The above-described acts of Defendants were willful, intentional, and malicious

14 and done with the intent to vex, injure and annoy Plaintiff, and were done in conscious disregard

15 of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an

16 amount sufficient to punish said Defendants and to deter others from engaging in similar

17 despicable conduct.

18

19              **SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT**

20          (As Against All Defendants, Except Scott Brock)

21      56.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each

22 and every part thereof, of this Complaint, with the same force and effect as though set forth at

23 length herein.

24      57.    Defendants are an "employer" within the meaning of and subject to *California*

25 *Government Code* §§ 12945.2 et seq., commonly referred to as the *California Family Rights Act*

26 ("CFRA").

27      58.    Plaintiff was and had been continuously employed by Defendants for more than

28 one year and worked more than 1,250 hours within the previous year before he was terminated

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

1  from his employment with Defendants. Defendants were and continue to be a covered employer,

2  that employs more than fifty employees within a seventy-five-mile radius, and at all times, while

3  employed by Defendants, Plaintiff performed his duties and responsibilities in an exemplary

4  manner.

5       59.    This cause of action is based upon CFRA, *California Government Code* §§ 12945.2

6  et seq., which prohibits employers and supervisors from discriminating, harassing and retaliating

7  or interfering against, and terminating an employee on the basis of a protected characteristic, i.e.,

8  for taking time off to care for a medical condition protected by CFRA.

9       60.    This cause of action includes retaliation against Plaintiff because Plaintiff exercised

10  Plaintiff's CFRA rights.  To establish a prima facie case for violations of CFRA, including

11  retaliation, Plaintiff must show that:  (1) the Defendant was an employer covered by CFRA; (2)

12  the Plaintiff was an employee eligible to take CFRA leave; (3) the Plaintiff exercised the right to

13  take leave for a qualifying CFRA purpose; and (4) the Plaintiff suffered an adverse employment

14  action, such as termination or retaliation because of the exercise of his rights to CFRA leave.

15       61.    As a proximate result of the acts of Defendants, and each of them, as described

16  above, Plaintiff suffered economic damages, including lost wages and benefits, and other

17  compensatory damages in an amount to be ascertained at the time of trial.

18       62.    As a further proximate result of the aforementioned acts of Defendants, and each of

19  them, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and

20  has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the

21  time of trial.  As a proximate result of the acts of Defendants, as alleged above, Plaintiff has

22  suffered physical and mental injuries and has necessarily expended sums in the treatment of such

23  injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further

24  proximate result of the acts of Defendants, as alleged above, Plaintiff will necessarily continue to

25  expend sums in the future for the treatment of the physical, emotional and mental injuries

26  sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time

27  of trial.

28

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495 • FAX 213.342.5503

63.     As a direct and proximate result of the above-described acts of Defendants, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees.

64.     The above-described acts of Defendants, was willful, intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

## EIGHTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(As Against All Defendants, Except Scott Brock)

65.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

66.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  California Courts have interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  The public policy must be fundamental, substantial, and well established at the time of discharge.

67.     Defendants named in this cause of action, and all DOE Defendants, and each of them, discriminated against Plaintiff due to Plaintiff's medical condition and because Plaintiff required reasonable accommodations in violation of the Fair Employment and Housing Act violations and the California Family Rights Act.

68.     Plaintiff alleges that Defendants violated public policies underlying the Fair Employment and Housing Act and the California Family Rights Act when Defendants terminated

15

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

1   Plaintiff in violation of California public policy.

2         69.    As a proximate result of the acts of Defendants, as described above, Plaintiff

3   suffered economic damages, including lost wages and benefits, and other compensatory damages

4   in an amount to be ascertained at the time of trial.

5         70.    As a further proximate result of the aforementioned acts of Defendants, and each of

6   them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and emotional and

7   physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

8   be ascertained at the time of trial.  As a proximate result of the acts of Defendants, as alleged

9   above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in

10  the treatment of such injuries, all to Plaintiffs damage in an amount to be ascertained at the time of

11  trial.  As a further proximate result of the acts of Defendants, and each of them, as alleged above,

12  Plaintiff will necessarily expend sums in the future for the treatment of the physical, emotional

13  and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be

14  ascertained at the time of trial.

15        71.    As a direct and proximate result of the above-described acts of Defendants,

16  Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified

17  in *California Government Code Section* 12965(b), Plaintiff is entitled to the reasonable value of

18  such attorney's fees.

19        72.    The above-described acts of Defendants, and each of them, were willful,

20  intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff, and were

21  done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary

22  and punitive damages in an amount sufficient to punish said Defendants and to deter others from

23  engaging in similar despicable conduct.

24

25

26  **PRAYER FOR RELIEF**

27

28

GUERRA & CASILLAS, LLP
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Tel. 213.437.9495• Fax 213.342.5503

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount of no less than $2,500,000, according to proof as follows:

1.  For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.  For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.  For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.  For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.  For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

7.  For post-judgment interest; and

8.  For any other relief that is just and proper.

DATED: February 5, 2020                        GUERRA & CASILLAS, LLP


By: _____
Ruben Guerra, Esq.
Tizoc Perez-Casillas, Esq.
Attorneys for Plaintiff Kirk Knostman

GUERRA & CASILLAS, LLP
617 SOUTH OLIVE STREET, SUITE 1206
LOS ANGELES, CALIFORNIA 90014
TEL 213.437.9495• FAX 213.342.5503

17

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury.

3

4   DATED:  February 5, 2020                    GUERRA & CASILLAS, LLP

5

6                                        By: _____

7                                             Ruben Guerra, Esq.
                                              Tizoc Perez-Casillas, Esq.

8                                             Attorneys for Plaintiff Kirk Knostman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GUERRA & CASILLAS, LLP
617 South Olive Street, Suite 1206
Los Angeles, California 90014
Tel 213.437.9495• Fax 213.342.5503

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Ruben Guerra, Esq. (SBN 219446) Tizoc Perez-Casillas, Esq. (SBN 309981) GUERRA & CASILLAS, LLP 617 South Olive Street, Suite 1206 Los Angeles, CA 90014 | |

TELEPHONE NO.: 213-437-9495     FAX NO.: 213-342-5503

ATTORNEY FOR *(Name):* Plaintiff Kirk Knostman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Division - Stanley Mosk

CASE NAME:
Knostman v. Clean Harbors Environmental Services, Inc et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **20STCV04804** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 05, 2020
Ruben Guerra, Esq.
_____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Page 2 of 2

| SHORT TITLE: Knostman v Clean Harbors Environmental Services, Inc. et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Knostman v Clean Harbors Environmental Services, Inc. et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Knostman v Clean Harbors Environmental Services, Inc. et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Knostman v. Clean Harbors Environmental Services, Inc. et. al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 5756 Alba Street |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90058 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 2/5/2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/05/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Nancy Alvarez   Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV04804 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Holly J. Fujie | 56 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/06/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Nancy Alvarez                          , Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i) Any printed document required pursuant to a Standing or General Order;

      ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv) Demurrers;

      v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi) Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom-specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**

**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**STIPULATION – DISCOVERY RESOLUTION**

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____        ˃ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):       FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference  
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)  
LASC Approved 04/11  
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**  
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____        _____
                                                          JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at a reduced cost or no cost (for selected cases)

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org, (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.list for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/.
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free day of trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
  - http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit  http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

September 4, 2019

Ricardo Kim
, California

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 201909-07451805
Right to Sue: Knostman / Safety Kleen Systems, Inc. et al.

Dear Ricardo Kim:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

September 4, 2019

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201909-07451805
      Right to Sue: Knostman / Safety Kleen Systems, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                            KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 4, 2019

Kirk Knostman

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201909-07451805
       Right to Sue: Knostman / Safety Kleen Systems, Inc. et al.

Dear Kirk Knostman,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 4, 2019 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Kirk Knostman                                    DFEH No. 201909-07451805

                    Complainant,

vs.

Safety Kleen Systems, Inc.
,

Safety Kleen of California, Inc.
,

Safety Kleen Envirosystems Company, Inc.
,

Clean Harbors Environmental Services, Inc.
,

Clean Harbors Industrial Services, Inc.
,

Clean Harbors Exploration Services, Inc.
,

Clean Harbors, Inc.
, .

Scott Brock
,

                    Respondents

_____

1. Respondent **Safety Kleen Systems, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

Date Filed: September 4, 2019

1  2. Complainant **Kirk Knostman**, resides in the City of  State of .

2  3. Complainant alleges that on or about **September 9, 2018**, respondent took the
3  following adverse actions:

4  **Complainant was harassed** because of complainant's family care or medical leave
   (cfra) (employers of 50 or more people), disability (physical or mental), medical
5  condition (cancer or genetic characteristic), age (40 and over), association with a
   member of a protected class.
6

7  **Complainant was discriminated against** because of complainant's family care or
   medical leave (cfra) (employers of 50 or more people), genetic information or
8  characteristic, disability (physical or mental), medical condition (cancer or genetic
   characteristic), age (40 and over), association with a member of a protected class
9  and as a result of the discrimination was terminated, reprimanded, denied
   reasonable accommodation for a disability, denied family care or medical leave
10 (cfra) (employers of 50 or more people).

11
   **Complainant experienced retaliation** because complainant reported or resisted
12 any form of discrimination or harassment, requested or used a disability-related
   accommodation, requested or used leave under the california family rights act or
13 fmla (employers of 50 or more people) and as a result was terminated, reprimanded,
   demoted, denied reasonable accommodation for a disability, denied family care or
14 medical leave (cfra) (employers of 50 or more people).

15

16 **Additional Complaint Details:** As a result of Defendants harassment, retaliation
   and discrimination Claimant developed a medical condition that led to him having a
17 stroke. As a result of the stroke, he was put on disability leave by his physician.
   During his disability leave, his employment was terminated by his employer. Scott
18 Brock, harassed, retaliated and discriminated against Plaintiff due to his medical
19 condition and because Plaintiff exercised his Fair Employment and Housing Act
   rights.
20

21

22

23

24

25

26
                                        -2-
27                    *Complaint – DFEH No. 201909-07451805*

28 Date Filed: September 4, 2019

1 | VERIFICATION

2 | I, **Krik Knostman**, am the **Complainant** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The same is true of my own
knowledge, except as to those matters which are therein alleged on information and
4 | belief, and as to those matters, I believe it to be true.

5 | On September 4, 2019, I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.
6 |

7 | **Pasadena**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | -3-
*Complaint – DFEH No. 201909-07451805*

28 | Date Filed: September 4, 2019